UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80395-CIV-MARRA/JOHNSON

LRP PUBLICATIONS, INC. and J. TODD LUTZ,

    Plaintiffs,
vs.

SHAREDXPERTISE MEDIA, LLC,

    Defendant.
_____/

**ORDER AND OPINION DENYING MOTION TO TRANSFER**

**THIS CAUSE** came before the Court upon Defendant Sharedxpertise Media, LLC's ("SharedXpertise") Motion to Transfer This Action to the District of New Jersey (DE 15), filed on June 7, 2011. This matter is fully briefed and is ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises. For the reasons discussed below, Defendant's Motion to Transfer is **DENIED**.

**I. Background**

This matter arises out of a press release issued by SharedXpertise on April 1, 2011, that falsely claimed that SharedXpertise acquired the rights to Plaintiff LRP Publications, Inc.'s ("LRP") *Human Resource Executive* magazine and Human Resource Technology Conference. Complaint at ¶ 9. The e-mail also falsely quoted Plaintiff J. Todd Lutz ("Lutz"), Chief Financial Officer of LRP, and Bill Kutik ("Kutik"), who is referred to as "Conference Chair of the HR Technology Conference" in the press release. Complaint at ¶ 9. SharedXpertise does not deny sending the press release, but rather asserts that the e-

mail was simply an April Fool's Day joke.  Answer at ¶ 9.  Through their Complaint, Plaintiffs allege that SharedXpertise's conduct constituted: (1) unfair competition, in violation of 15 U.S.C. § 1125(a)(1)(A); (2) false advertising, in violation of § 1125(a)(1)(b); (3) unfair competition under Florida common law; and (4) a violation of § 540.08, Florida Statutes.  Complaint at 4-7.  Defendant now seeks to transfer this matter to the District of New Jersey pursuant to 28 U.S.C. §§1404(a) and 1406(a).  Kutik has filed a separate cause of action against SharedXpertise in the District of Connecticut ("The Connecticut Action").

## II.  28 U.S.C. § 1404(a)

The burden is ultimately on SharedXpertise to establish that the District of New Jersey is a more convenient forum than the Southern District of Florida.  Steifel Laboratories, Inc. V. Galderma Laboratories, Inc., 588 F.Supp.2d 1336, 1338 (S.D. Fla. 2008) (citing In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989)).  In determining whether SharedXpertise has met its burden, 28 U.S.C. § 1404(a) affords this Court broad discretion.  Vina Dona Paula, S.A. v. Vineyard Brands, Inc., 2011 WL 4527441, *1 (S.D. Fla. 2011) (quoting Brown v. Connecticut Gen. Life. Ins. Co., 934 F.2d 1193, 1197 (11th Cir. 1991)).

To determine the propriety of transfer to another district, courts engage in a two-step analysis under § 1404(a).  Abbate v. Wells Fargo Bank, Nat. Ass'n, 2010 WL 3446878, *4 (S.D. Fla. 2010).  "First, courts determine whether the action could have been brought in the venue in which transfer is sought.  Second, courts assess whether

convenience and the interest of justice require transfer to the requested forum." Id. Through their briefs, the parties agree that this case could have been brought in the District of New Jersey, so the Court focuses its discussion exclusively on the second step. In deciding that step, "courts focus on a number of potential factors including: (1) the convenience of the witnesses; (2) the location of documents and other sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the ability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." Id. (citing Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005)).

After carefully reviewing each of these factors, the Court finds that SharedXpertise has not met its burden of establishing the District of New Jersey as a more convenient forum. SharedXpertise concedes that the second, fifth, sixth, and seventh factors do not weigh in favor of transfer. Accordingly, the Court will proceed to examine the five remaining factors.

The Court finds that the first and third factors, the convenience of the witnesses and parties, are both neutral. Plaintiffs do not dispute that LRP is a Pennsylvania corporation and that *Human Resource Executive*, the magazine at the center of the litigation, is headquartered within thirty miles of the District of New Jersey. On the other hand, Defendants do not dispute that the Human Resource Tech Conference, also

involved in the litigation, is headquartered within the Southern District of Florida and that Lutz, a named Plaintiff, is a Florida resident that operates out of LRP's Florida office. Although transfer would be more convenient for SharedXpertise, its employees, and those individuals associated with LRP's magazine in Pennsylvania, it would be burdensome for those individuals associated with LRP's conference division and Lutz. Accordingly, the Court finds the convenience of the parties and witnesses is in equipose.

Next, the Court finds the locus of operative facts to also be a neutral factor. The Court agrees with SharedXpertise in that the harm arose out of actions executed exclusively within the District of New Jersey. The alleged harm arising out of that conduct, however, is certainly not limited to New Jersey. SharedXpertise concedes that the harm of consumer confusion existed throughout the nation because LRP has a national customer base. Further, the harm to Lutz indisputably occurred in Florida. The varied locations of the harm resulting from the allegedly wrongful conduct precludes a finding of a clear locus of operative facts, so this factor does not weigh in favor of transfer.

Given the neutrality of the aforementioned seven factors, the remaining question is whether trial efficiency and the interests of justice weigh so heavily in favor of transfer as to overcome the deference this Court must show to Plaintiffs' choice of forum. See Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (quoting Howell v. Tanner, 650 F.2d 610, 616 (5th Cir. Unit B 1981)) ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations."). In

support of this factor, SharedXpertise attaches a Motion filed by Kutik in the Connecticut Action in which Kutik notes that "If the judge in the Florida Action grants the motion to transfer, Kutik in the Connecticut Action has no objection to the granting of the motion of SharedXpertise to transfer the Connecticut Action to the Untied States District Court for the District of New Jersey."  DE 28-1.  Accordingly, should this Court grant SharedXpertise's Motion to Transfer in this matter, both this case and the Connecticut case would be litigated in the same court.

The Court finds that the benefit of transfer does not outweigh Plaintiffs' right to choose their forum.  Although the conducting of pretrial discovery would be more efficient in one court as opposed to two, nothing precludes all of the interested parties from coordinating their discovery proceedings to maximize efficiency.  Further, each individual Plaintiff will be required to undergo discovery with regard to his or its individual harm regardless of where this matter is pending.  Finally, the individual nature of the alleged harm will require two separate trials, irrespective of whether the matter is tried in the same court.  While transfer of this case to the District of New Jersey might result in greater overall efficiency, the Court finds that the benefit derived from that efficiency does not justify depriving Plaintiffs of their right to choose their forum.

### III.  28 U.S.C. § 1406(a)

Section 1406(a) of Title 28 of the United States Code provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall

dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Because the Court finds that this matter was properly filed in the Southern District of Florida, § 1406(a) is inapplicable here.

### IV.  Conclusion

For the reasons discussed above, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Transfer (DE 15), is **DENIED**.

**DONE and ORDERED** in West Palm Beach, this 15th day of December, 2011.

KENNETH A. MARRA
United States District Judge